W. MICHAEL MOODY
ATKINSON, CONWAY & GAGNON
Attorneys for Plaintiffs
420 L Street, Suite 500
Anchorage, Alaska 99501
Phone: (907) 276-1700
Fax: (907) 272-2082
wmm@acglaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRISTA R. MELOW and DUSTIN A. MELOW,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT** |

Plaintiffs, by and through counsel of record, Atkinson Conway & Gagnon, hereby claim and allege as follows:

1. The acts or omissions upon which this cause is based occurred in Fairbanks, Alaska.

2. This suit is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674, and this court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1346(b). Venue in this District is authorized by 28 U.S.C. § 1402(b).

3. Notice of this claim as required by 28 U.S.C. § 2675 was received by the U.S. Department of the Army on May 10, 2010.

4. The Army Claims Office expressed an interest in resolving the claims administratively, and Plaintiffs cooperated with Defendant. Trista Melow submitted to Independent Medical Examinations by a neurologist, Raphael Llinas M.D., and a neuropsychologist, Karen Bolla, PhD, selected by the Army Claims Office. Both of those experts confirmed the nature and extent of Trista Melow's disabilities that resulted from the brain injury. Defendant, however, never attempted to resolve the claim, and has not rendered a final decision.

5. An amended notice of claim was received by the U.S. Department of the Army on August 5, 2013. More than six months have elapsed since Plaintiffs submitted the amended administrative claim.

6. The Bassett Army Community Hospital (hereafter "BACH") is operated by the United States Army in Fairbanks, Alaska. Health care providers at BACH are employees of the United States for purposes of liability under the FTCA if they are acting within the scope of their employment.

7. At all times relevant to this complaint, the negligent acts and omissions complained of were committed by employees of BACH who were acting within the scope of their employment.

8. At all times relevant herein, Trista Melow was the wife of Dustin Melow. She was only 20 years old at the time of her hemorrhagic stroke and resulting injuries.

9. Trista Melow had no preexisting condition that caused or explains the outcome of her improper care by the employees of Defendant.

10. At the time of the events set forth herein, Dustin Melow was a soldier in the United States Army. As the dependent spouse of a member of the Army, Trista Melow was entitled to receive medical care from the United States Army, including BACH.

11. Trista Melow was at all times compliant with her doctor's instructions and her medication regimen. No act or omission of Trista Melow caused the injuries and damages complained of herein.

12. Postpartum preeclampsia is a common medical emergency that is easily diagnosed and readily treatable. Trista Melow suffered severe injuries as a consequence of the negligent and reckless failure of BACH personnel to properly and timely diagnose and treat Trista Melow's postpartum preeclampsia.

## FIRST CLAIM FOR RELIEF

13. The preceding paragraphs of this complaint are hereby incorporated by reference as if herein stated.

14. Medical personnel employed by BACH, including doctors, anesthesiologists, and nurses breached the applicable standards of care and were negligent in providing diagnosis and emergency medical care to plaintiff Trista Melow. The negligence of these care providers included, but was not limited to, the failure to timely evaluate, diagnose, and treat her illness, which failures proximately caused her catastrophic injuries.

15. Trista Melow's postpartum preeclampsia could have been readily diagnosed and treated, and the injuries she suffered could have been wholly prevented by timely intervention by Defendant's employees.

16. Trista Melow gave birth to her second child on July 11, 2008 in BACH. She was discharged from BACH on July 12, 2008 at 1230 ADT.

17. She returned to the BACH emergency department on July 13, 2008 at 1544 ADT. She complained of back pain, headache, nausea, and having vomited three times in 24 hours. She had severe high blood pressure of 168/96. She was released from the emergency room at 1902 ADT. No diagnosis had been made and her severe high blood pressure was not treated. She was given more Percocet and told to return if her condition worsened, such as severe headache.

18. Eight hours later, on July 14, 2008 at 0328 ADT, Trista Melow returned to the BACH emergency room complaining of debilitating headaches, with associated nausea and vomiting. Her blood pressure of 173/96 was severely high. A blood patch was performed, but it did not relieve her headache. If her headaches had been a result of the lumbar puncture done at the time of child birth they should have ceased after the blood patch. They did not, and she continued to have severe headache and nausea even while laying still in the emergency department. BACH personnel failed to perform a proper differential diagnosis or otherwise investigate the cause of her continuing severe headache, high blood pressure and nausea. When sent home from the emergency room, her severe high blood pressure was higher than when she arrived. No diagnosis was made and her

severe high blood pressure was not treated. Instead, BACH personnel gave her morphine and sent her home. She was told to have her blood pressure checked in two or three days.

19. On July 15, 2008 at 2159 ADT, Trista Melow again returned to the BACH emergency department, complaining of severe headache, vomiting, extreme pain and photophobia. Her blood pressure was 183/94 and she was observed "intermittently writhing on bed in pain holding head." She was given morphine, Tordal and Valium. After a delay of four hours, BACH emergency personnel finally had Trista Melow admitted to BACH at 0200 on July 16, 2008. Upon admission, she was diagnosed as having severe postpartum preeclampsia based on her severe headache and severe range blood pressure of 183/94. Hospital personnel then started the BACH standard *Pre-Eclampsia Postpartum Critical Pathway* protocol.

20. On July 17, Trista Melow complained of weakness in her left leg and left upper extremity, and BACH personnel observed that she also had a left-sided facial droop. She was transported to Fairbanks Memorial Hospital for MRI, which revealed a "5cm right putamen acute/early subacute hematoma, most consistent with a hypertensive bleed." The MRI also showed the "location of the bleed is very typical for hypertensive bleed."

21. On July 17, 2008, after the MRI, a BACH doctor assessed Trista Melow's condition as "postpartum preeclampsia with hemorrhagic stroke likely due to severe range blood pressures noted at time of admission."

22. In addition to the duty to exercise reasonable care in the diagnosis, care and treatment of Trista Melow, Defendant's employees had a duty to create

COMPLAINT
Page 5
25-5656/7641.1

contemporaneous records to describe accurately and fully everything of consequence they did and which their trained eyes discovered. Dr. Thomas Lyngholm failed to make such a record on Trista Melow's visit on July 13, 2008, instead trying to create a record on August 1, 2008, more than two weeks after the subject visit. Dr. Charles Redger, an anesthesiologist, examined Trista Melow and consulted with Dr. Lyngholm on July 14, 2008 but did not make a contemporaneous record, instead creating a record late in the day on July 15, 2008.

23. Defendant and its employees also had a duty to preserve complete records about Trista Melow, her care, diagnosis and treatment. At least one brain scan is missing and has not been provided despite repeated requests from counsel for Plaintiffs.

24. Defendant's failure to create and preserve complete, accurate, contemporaneous records of her care, diagnosis and treatment hinders Trista Melow's ability to establish a prima facie case. As a result, the burden of proof is shifted to Defendant. Plaintiffs are entitled to a rebuttable presumption that Defendant was medically negligent and that this negligence legally caused Trista Melow's injuries.

25. As a direct and proximate result of the negligence of the employees of Defendant as described above, Plaintiff Trista Melow suffered a hemorrhagic stroke. This hypertensive stroke caused extensive and permanent brain damage. Trista Melow was left with a permanent cystic cavity in her brain tissue that measures 4.7 cm x 1.2 cm x 2.3 cm. This cavity includes the basal ganglia and caudate nuclei, structures of the brain that have a primary role in behavioral and cognitive functions, in processing information related to specific prefrontal regions, and in conceptually integrating information.

26. As a direct and proximate result of the negligence of the employees of Defendant as described above, Trista Melow has suffered past and future damages including, but not limited to:

    (a) Personal injuries, including damage to her brain and disruption of critical functions, with resulting lethargy, abulia, loss of initiative, depression, paranoia, hallucinations, disinhibition, impaired memory, cognitive deficits and loss of executive function;

    (b) Great physical and mental pain;

    (c) Agony and emotional suffering;

    (d) Loss of enjoyment of life;

    (e) Loss of love, companionship and consortium;

    (f) Medical, rehabilitative, and life care expenses, including but not limited to

        i. Routine and emergency medical care;

        ii. Psychiatric and psychological care;

        iii. Cognitive rehabilitation therapy;

        iv. Antidepressant drugs;

        v. Case management services;

        vi. Assistance with activities of daily living, including a home care aide, and guardianship;

        vii. Wage losses,

        viii. Loss of insurability; and

ix.   Other economic and noneconomic losses, all to her damage in excess of $100,000, the exact amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

27.   The preceding paragraphs of this Complaint are hereby incorporated by reference as if herein stated.

28.   As a direct and proximate result of the negligence of the Defendant described above, Plaintiff Dustin Melow has suffered past and future damages including, but not limited to:

(a)   Loss of love, companionship and consortium;

(b)   Emotional distress (NIED);

(c)   Economic losses (wage losses; increased life, educational and medical care expenses); and

(d)   Other economic and noneconomic losses all to his damage in excess of $100,000, the exact amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

29.   The preceding paragraphs of this complaint are hereby incorporated by reference as if herein stated.

30.   Medical personnel employed by BACH, including doctors, anesthesiologists, and nurses, engaged in reckless misconduct, and acted with reckless disregard for the health, rights and safety of Trista Melow and Dustin Melow. Defendant's employees knew that Trista Melow was a postpartum patient at high risk who exhibited severely high blood pressures that were signs of preeclampsia. Despite that knowledge,

Defendant's employees knowingly and recklessly: (1) failed to staff the emergency department with personnel trained and knowledgeable about obstetric issues such as postpartum preeclampsia; (2) failed to train emergency department personnel as to the critical nature of postpartum preeclampsia and the need for prompt diagnosis, treatment and/or referral to a specialist; (3) chose not to perform a proper differential diagnosis; (4) failed to consult with an obstetrics specialist; (5) failed to refer Trista Melow to an obstetrics specialist; (6) failed to make a diagnosis or to rule out preeclampsia; (7) failed to treat Trista Melow for severe high blood pressure and/or preeclampsia; (8) failed to create complete contemporaneous medical records, thereby creating a high risk of misdiagnosis, compounded by increasing the risk of misdiagnosis in a medical emergency; (9) repeatedly sent her home after failing to treat her severe high blood pressure; (10) failed to follow well-established medical and facility (BACH) protocols for treatment of this routine medical emergency; (11) failed to admit her to BACH for close observation and monitoring; and (12) failed to provide appropriate warnings, information or discharge instructions as to the signs, symptoms and dangers of preeclampsia.

31. The risk of injuries and losses sustained by Trista Melow and Dustin Melow were known and foreseen by Trista Melow's care providers when she was not diagnosed and treated, and their reckless disregard of the risk of such injuries was the proximate cause of the damages Trista Melow and Dustin Melow suffered.

32. Pursuant to AS 09.55.549(f), the limit imposed on noneconomic damages within that statute does not apply because Defendant and its employee care

providers engaged in reckless misconduct, and acted with reckless disregard for the rights and safety of Trista Melow and Dustin Melow.

WHEREFORE, the Plaintiffs, and each of them, pray for relief as follows:

A.  An amount in excess of One-Hundred Thousand Dollars ($100,000), the exact amount to be determined at trial.

B.  For costs and such other and further relief as this court deems just and equitable.

DATED this 11th day of February 2014.

ATKINSON, CONWAY & GAGNON
Attorneys for Plaintiffs

By   s/W. Michael Moody
W. Michael Moody
420 L Street, Suite 500
Anchorage, AK 99501
Phone: (907) 276-1700
Fax: (907) 272-2082
E-mail: wmm@acglaw.com
ABA No. 7210062
